IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAUL ALBERT GUARDADO,

    Petitioner,

  v.

MARGARITA PEREZ, Chairwoman, Board of Prison Terms, et al.,

    Respondents.

No. C 05-00194 CW

ORDER DENYING RESPONDENT'S APPLICATION FOR STAY

    Respondent requests an expedited ruling on her application for a stay, pursuant to Federal Rule of Civil Procedure 62(c), of the Court's April 8, 2008 Order Granting Habeas Petition. Petitioner opposes the application. Having considered all the papers filed by the parties, the Court DENIES Respondent's application for a stay.

BACKGROUND

    On January 1, 2005, Petitioner filed his petition for writ of habeas corpus directed to a 2006 denial of parole by the Board of Prison Terms Hearings[1] (Board). The Court granted the petition and remanded this case to the Board to reevaluate Petitioner's suitability for parole. In its analysis, the Court relied upon a

---

[1] The Board of Prison Terms Hearings was abolished effective July 1, 2005 and replaced with the Board of Parole Hearings. Cal. Penal Code § 5075(a).

number of Ninth Circuit cases for the proposition that "continuous reliance over time on static factors such as the commitment offense could violate due process." April 8, 2008 Order at 12. One of the cases upon which the Court relied for this proposition was <u>Hayward v. Marshall</u>, 512 F.3d 536 (9th Cir. 2008). On May 16, 2008, the Ninth Circuit voted to rehear <u>Hayward</u> en banc. <u>Hayward v. Marshall</u>, __ F.3d __, 2008 WL 2131400 (9th Cir.). In its order, the Ninth Circuit stated that "the three-judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit." <u>Id.</u> at *1.

According to Respondent's application, on June 4, 2008, Petitioner is scheduled for a hearing before the Board in compliance with the Court's April 8, 2008 Order. For this reason, Respondent requests an expedited ruling on its application for a stay pending its appeal of the April 8, 2008 Order.[2][3]

## LEGAL STANDARD

Rule 62(c) of the Federal Rules of Civil Procedure provides that "[w]hen an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an

---

[2] The Court notes that the docket does not indicate that Respondent has filed a notice of appeal as of the date of this Order. However, the Court will assume, for purposes of this Order, that Respondent will timely file a notice of appeal.

[3] Respondent's request for an expedited ruling asks that the Court rule on her application within three days from the date of its filing. Respondent fails to cite authority for such an expedited ruling. Petitioner does not oppose based on procedural grounds; therefore, the Court will not address the procedural issues raised by Respondent's application.

2

injunction during the pendency of the appeal." The standard for granting a stay pending appeal is similar to that for a preliminary injunction. Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983). Thus, a party seeking a stay must show either (1) a likelihood of success on the merits of its appeal and the possibility of irreparable harm, or (2) that serious questions regarding the merits exist and the balance of hardships tips sharply in its favor. Lands Council v. McNair, 494 F.3d 771, 775 (9th Cir. 2007). "These two alternatives are extremes of a single continuum in which the greater the relative hardship to the party seeking the [stay], the less probability of success must be shown." Id. (internal quotation marks omitted). In cases such as this one, the court should also consider the effect on the public interest of granting the stay. Lopez, 713 F.2d at 1435.

## DISCUSSION

Respondent argues that a stay should be granted because she has a high likelihood of success on the merits "based on the Court's failure to appropriately apply the deferential standard of federal habeas review, and the erroneous application of the some-evidence test." Respondent argues that these issues are before the en banc panel in Hayward v. Marshall and that resolution of these issues could significantly impact this case. In his opposition, Petitioner focuses on the fact that if the stay is granted, he will suffer irreparable injury and Respondent will suffer none. Petitioner also points out that Respondent mistakenly states that the Court ordered the Board to calculate a release date for him when the Court merely ordered that the Board hold a new hearing

3

within sixty days of the April 9, 2008 Order.

As noted above, <u>Hayward</u> is now uncitable because the Ninth Circuit has voted that it be reheard en banc. Therefore, the significance of the Court's citation to <u>Hayward</u> is uncertain until the Ninth Circuit issues it's en banc ruling. However, as noted above, in the April 9, 2008 Order, the Court relied upon other Ninth Circuit authority for the same proposition. Although Respondent is correct that the Ninth Circuit will address some of the issues in <u>Hayward</u> that were at issue in this case, it is unclear how the Ninth Circuit will rule on these issues. Even if the Ninth Circuit reverses the three-judge <u>Hayward</u> panel, it is uncertain how this would affect the April 9, 2008 Order.

In terms of irreparable injury, Petitioner is correct that he will suffer irreparable injury if the Court's order is stayed and the Board hearing scheduled for June 4th is vacated. As stated in the April 9, 2008 Order, "Petitioner has served more than his minimum sentence and has been denied parole by the Board five times. The question is whether it is reasonable to find after almost thirty years that the facts of the offense constitute some evidence that Petitioner would be a danger to society if released." April 8, 2008 Order at 12. Respondent states that maintaining the status quo is necessary to preserve her right to a meaningful appeal, the safety of the public and principles of comity and federalism. However, Respondent does not explain how she will denied a meaningful appeal if the June 4th hearing takes place as planned. Furthermore, as pointed out by Petitioner, even if the Board determines that he is suitable for parole at the June 4th

4

hearing, he will not be released immediately and Respondent will have time to request a stay of any parole release date pending resolution of her appeal.  Therefore, the safety of the public and principles of comity and federalism will not be affected if the June 4th hearing proceeds.

Because Petitioner will suffer irreparable injury if the April 8, 2008 Order is stayed and Respondent will suffer no injury, and because Respondent's likelihood of success on the merits is uncertain, the Court denies Respondent's application for a stay pending appeal.

CONCLUSION

For the foregoing reasons, Respondent's application for a stay pending appeal is DENIED.

IT IS SO ORDERED.

Dated: June 3, 2008

_____
D. LOWELL JENSEN
United States District Judge